Filed 12/18/13  P. v. Malchier CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SABRINA DESIREE MALCHER,<br><br>    Defendant and Appellant. | F066603<br><br>(Super. Ct. No. F11907306)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Tara K. Hoveland, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J. and Franson, J.

Defendant Sabrina Desiree Malcher contends the trial court erred in refusing to award her day-for-day credits. The People concede, and we agree, that defendant was entitled to day-for-day credits under the version of Penal Code section 2933, subdivision (e)[1] that was in effect on the dates defendant committed the crimes. We will modify the judgment to award defendant the correct number of presentence credits and affirm in all other respects.

## DISCUSSION

On September 13, 2012, defendant pled no contest to the felonies of identity theft (§ 530.5, subd. (a)) and commercial burglary (§§ 459, 460, subd. (b)) for crimes she committed on June 30, 2011, and July 8, 2011. On January 23, 2013, the trial court sentenced her to two years in county jail. She requested "accelerated credits" for day-for-day credits, but the court declined because she was being sentenced under the Realignment Act (Stats. 2011, ch. 15, § 482 (Assem. Bill No. 109)) to county jail, rather than prison. The trial court awarded her 224 days of credit for actual time served (§ 2900.5) and 112 days of conduct credit (§ 4019).

When defendant committed her crimes in June and July 2011, conduct credits for defendants convicted of felonies and sentenced to state prison were governed by section 2933, former subdivision (e). (Stats. 2010, ch. 426, § 1.) That version authorized day-for-day conduct credits: "Notwithstanding Section 4019 …, a prisoner sentenced to the state prison under Section 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail … from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner."

While defendant's case was pending, the sentencing statutes were amended as part of the Realignment Act. As a result, defendant was sentenced to county jail, rather than

---

[1] All statutory references are to the Penal Code unless otherwise noted.

state prison.  Had she gone to prison, she would have been entitled to the additional credits under section 2933, former subdivision (e).  This postoffense change effected by the Realignment Act could not serve to reduce defendant's credits without violating the constitutional prohibition on ex post facto laws.  (See *Weaver v. Graham* (1981) 450 U.S. 24, 31; *People v. Nunez* (2013) 220 Cal.App.4th 1527 [2013 Cal.App. Lexis 883].)

Accordingly, we agree with both parties that defendant is entitled to 112 additional days of conduct credits.

## DISPOSITION

The judgment is modified to award defendant credit for a total of 448 days of presentence credit, consisting of 224 days of actual custody and 224 days of conduct credit.  In all other respects, the judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment and send a certified copy to the appropriate agencies and entities.